UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS WAYNE BERRY,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. CV 16-0554-RGK (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On March 9, 2017, Petitioner filed objections to the R. & R. He primarily repeats, summarizes, or expands upon arguments in the Petition and his opposition to the motion to dismiss. Two objections require brief discussion, however.

First, as the Magistrate Judge pointed out in the R. & R., claims raised in a second or successive petition that were previously presented in an earlier "application" must be dismissed under § 2244(b)(1) even if that earlier petition was dismissed as untimely. (See R. & R. at 21-25.) She explained that a claim was "previously presented" if the "basic thrust or gravamen of the legal claim is the same," even if a petitioner

1

supports it with new or different legal arguments or factual allegations. (See id. at 21 (citing Babbitt v. Woodford, 177 F.3d 744, 746 (9th Cir. 1999) (per curiam).)

Petitioner contends that his ineffective-assistance subclaim concerning the cardboard box is not barred by § 2244(b)(1). (Objs. at 1-8.) He argues, as he did in his opposition to the motion to dismiss, that because his earlier petition was dismissed as untimely it was not adjudicated "on the merits." (See id. at 4, 7.) But that is not the law. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that petition is second or successive even when first petition was denied as untimely); see also Woods v. Hedgepeth, No. 2:11-CV-3250 LKK DAD, 2013 WL 593712, at *4-5 (E.D. Cal. Feb. 14, 2013) (dismissing as second or successive ineffective-assistance-of-counsel claim supported by new factual allegations because it was previously presented in earlier petition that was denied as untimely). He argues that "new evidence demonstrates how counsel was ineffective and what counsel would have found had he properly investigated." (Objs. at 7-8.) But as the Magistrate Judge explained in the R. & R., such attempts to further develop the same ineffective-assistance claim bring it squarely within Babbitt's "basic thrust or gravamen" prohibition: the claim is still that his counsel was ineffective because he failed to adequately investigate the cardboard box. (See R. & R. at 25); see also Woods, 2013 WL 593712, at *4-5 (finding ineffective-assistance claim from first habeas petition — that counsel failed to adequately investigate and interview witnesses, prepare for trial, and present evidence about mistaken identity —

2

"essentially the same" as claim presented in second petition, which provided specific name of potential witness counsel should have called).

Petitioner's argument based on Martinez v. Ryan, 566 U.S. 1, 11 (2012) (holding that procedural default does not bar federal habeas court from hearing "substantial claim" of ineffective assistance of trial counsel in certain circumstances) (Objs. at 2-3), is not without some surface appeal, but it cannot prevail given the plain, unequivocal language of § 2244(b)(1): "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Second, Petitioner argues that he has met the actual-innocence standard of § 2244(b)(2)(B)(ii). (Objs. at 13-24.) The cases he cites to support his argument, Killian v. Poole, 282 F.3d 1204 (9th Cir. 2002), and Hall v. Dir. of Corr., 343 F.3d 976 (9th Cir. 2003) (per curiam), are both distinguishable. In Killian, the district court determined that the prosecution's main witness had committed perjury at trial, and the Ninth Circuit found that "one cannot reasonably deny" that the witness had lied. See 282 F.3d at 1208. Here, the state court conducted an evidentiary hearing on the question of Pearce's recantation and found it untrustworthy; this Court does not find that factual determination objectively unreasonable.

In Hall, some of the evidence used at trial against the petitioner was physical, and a state trial judge determined that it had been doctored to incriminate the petitioner. See 343 F.3d at 980-81. Without that evidence, the petitioner's unreliable

confession could not alone support the conviction. Id. at 983-84. Here, no court found that Pearce's trial testimony that Petitioner participated in the crimes was false. Further, Petitioner's claims that Pearce was untrustworthy (see Objs. at 14-15) and that there was no testimony at trial about "what the box was for" (id. at 21) do not prove Petitioner's innocence; the question of Pearce's trustworthiness was probed on cross-examination and argued to the jury, his trustworthiness at the evidentiary hearing was properly observed and considered by the state court, and evidence that the cardboard box had contained a towing kit and that a towing kit was provided with the victims' rental car, in which their bodies were found, would have strengthened the prosecution's case, not Petitioner's.

  Having reviewed de novo those portions of the R. & R. to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that Respondent's motion to dismiss is granted, the Petition is denied, and Judgment be entered dismissing this action.

DATED: April 12, 2017

R. GARY KLAUSNER
U.S. DISTRICT JUDGE

4